UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RICHARD MCKNIGHT AND SHIRLEY J. MCKNIGHT 2000 FAMILY TRUST, Richard McKnight, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. BARKETT, an individual; and CASTAIC III PARTNERS, LLC, a California limited liability company,<br><br>Defendants. | Civil No.   12mc1283<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**<br><br>**[ECF No. 7]** |

## I. INTRODUCTION

Judgment Creditor The Richard McKnight and Shirley J. McKnight 2000 Family Trust, Richard McKnight, Trustee ("Judgment Creditor"), initiated this action on September 24, 2012 by registering in this Court a judgment entered on July 9, 2012 in the United States District Court for the District of Nevada against William J. Barkett ("Judgment Debtor"). (ECF No. 1.) The judgment, totaling $233,675.74, remains outstanding. (ECF No. 7-1 at 2:1-6.)

On April 28, 2015, Judgment Creditor filed an ex parte Application for Order to Appear for Examination. (ECF No. 7.) Judgment Creditor requests an order requiring the Judgment Debtor and his wife, third party Lisa Ann Barkett, to appear for

examinations. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** the Judgment Creditor's Application.

## II. DISCUSSION

**A.     Applicable Law**

Federal Rule of Civil Procedure 69 authorizes federal courts to enforce a money judgment by writ of execution. FED. R. CIV. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Accordingly, in ruling on the Judgment Creditors' Application, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in California Code of Civil Procedure §§ 680.010 through 724.260.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 39 Cal. Rptr. 2d 432, 437 (Cal. Ct. App. 1995). Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," *Hooser v. Superior Court*, 101 Cal. Rptr. 2d 341, 345 (Cal. Ct. App. 2000), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgement." *Troy v. Superior Court*, 231 Cal. Rptr. 108, 112 (Cal. Ct. App. 1986).

California Code of Civil Procedure § 708.110 provides:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit of otherwise shows

> good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in Section 145.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

CAL. CIV. PROC. CODE § 708.110(a)-(e).

California Code of Civil Procedure § 708.120 permits a judgment creditor to examine third parties under certain circumstances. Section 708.120 provides, in relevant part:

> Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to answer concerning such property or debt. The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief.

CAL. CIV. PROC. CODE § 708.120(a).

**B. Analysis**

The Court finds good cause to grant the Judgment Creditor's Application to require the Judgment Debtor to appear for an examination. Judgment Debtor has failed to fully satisfy the judgment entered in the District of Nevada and registered in this Court. (ECF No. 7-1 at 2:1-6.) ) Additionally, the scope of the requested examination, *i.e.*, "for purposes of identifying and locating assets to apply to the judgment" (ECF No. 7-2 at 2:6-7), aligns with that permitted under California's judgment debtor proceedings, *i.e.*, to "furnish information to aid in enforcement of the money judgment." CAL. CIV. PROC.

CODE § 708.110(a). This is especially true in light of the policy of permitting "the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor." *Hooser*, 101 Cal. Rptr. 2d at 345. Moreover, the Judgment Debtor's appears to reside within the geographical limitations imposed by California's judgment debtor statute. *See* CAL. CIV. PROC. CODE § 708.160(b) ("A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles.").[1] Finally, the Application is properly brought on an ex parte basis as it does not appear that the Judgment Creditor has examined the Judgment Debtor within the last 120 days. CAL. CIV. PROC. CODE § 708.110(b).

However, the Court does not find good cause to require Lisa Ann Barkett, the spouse of the Judgment Debtor, to appear for a third party examination. An "application for a judgment debtor exam of a third party must satisfy the requirements of California Code Civ. Proc. § 708.120(a)." *Levin v. Sellers*, No. C-11-04783 DMR, 2013 U.S. Dist. LEXIS 163909, at *5 (N.D. Cal. Nov. 15, 2013) (citation omitted). Here, the Judgment Creditor seeks to examine Ms. Barkett based on the belief of counsel that Ms. Barkett "may be involved with property transfers and handling various business transactions and assets for judgment debtor" (ECF No. 7-1 at 2:10-11), and based on information of belief of counsel that Ms. Barkett "currently has possession or control of property, valued over $250, in which Judgment Debtor has an interest." (*Id.* at 2:12-14.) However, the Judgment Creditor "must do more than recite the language of [§ 708.120(a)] and make conclusory assertions." *See* March 27, 2015 Order Denying Application for Appearance and Examination, *Licea v. Curacao Drydock Co., Inc.*, S.D. Cal. Case No. 14mc1498 DMS (RBB) (citing *Levin*, 2013 U.S. Dist. LEXIS 163909, at *7-8). Courts look for

---

[1] Although the Judgment Creditor's Application is silent on the location of the Judgment Debtor, the Court notes that the Writ of Execution provides an address for the Judgment Debtor in La Jolla, California. (*See* ECF No. 4 at 1.) Thus, the Court presumes the geographical requirement is satisfied.

"credible, non-speculative evidence." *Levin*, 2013 U.S. Dist. LEXIS 163909, at *8. Accordingly, the Judgment Creditor fails to satisfy the requirements of California Code of Civil Procedure § 708.120(a).

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED:

1. The Judgment Creditor's request for an order requiring third party Lisa Ann Barkett to appear for an examination is **DENIED** without prejudice.

2. The Judgment Creditor's request for an order requiring the Judgment Debtor, William Barkett, to appear for an examination is **GRANTED**. The Judgment Debtor shall appear on **June 17, 2015** at **10:00 a.m.** in Courtroom 1G of the United States District Courthouse in and for the Southern District of California, located at 221 West Broadway, San Diego, California 92101, to furnish information to aid in enforcement of the money judgment against the Judgment Debtor.

3. The Judgment Creditor must personally serve this order upon the Judgment Debtor within ten (10) days before the date set for the examination and must file a certificate of service with the Court.

**NOTICE TO JUDGMENT DEBTOR: IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**[2]

IT IS SO ORDERED.

DATED: April 29, 2015

DAVID H. BARTICK
United States Magistrate Judge

---

[2] This notice is furnished pursuant to California Code of Civil Procedure § 708.110(e).